Hand-Delivered

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

FILED
CHARLOTTE, NC

NOV 04 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

# United States District Court
## for the

### Western District of Nroth Carolina

Charlotte    Division

)
)  Case No. __3:24-CV-978-KDB__
)  *(to be filled in by the Clerk's Office)*
)
)
)
)  Jury Trial: *(check one)*  ☐ Yes  ☒ No
)
)
)
)
)
)
)
)
)
)

Lucien Goode Edmonds
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Experian Information Solutions, Inc. , KLS
FINANCIAL SERVICES
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

**I.**   **The Parties to This Complaint**

    **A.**   **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Lucien Goode Edmonds |
| Street Address | 4425 Sharon Rd Apt MPH 12 |
| City and County | Charlotte, Mecklenburg County |
| State and Zip Code | NC, 28211 |
| Telephone Number | 804-691-3939 |
| E-mail Address | lugoode@gmail.com |

B.   The Defendant(s)

## I. PARTIES

1. Plaintiff is and was at all times hereinafter mentioned, resident of the County of Mecklenburg, North Carolina. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).
2. Defendant, KLS FINANCIAL SERVICES . ("KLS Financial Services") is and at all times relevant hereto was, a collections institution regularly doing business in the State of North Carolina and has the following registered statutory agent: Krebs, William V , 991 AVIATION PARKWAY STE 500 MORRISVILlE, NC 27560
3. KLS FINANCIAL SERVICES was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).
4. KLS FINANCIAL SERVICES is a "debt collector" as defined by 15 U.S.C. § 1692a(6).
5. At all times pertinent hereto, Defendant KLS FINANCIAL SERVICES was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 et seq
6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in North Carolina and has designated the following registered statutory agent: CT Corporation System, 160 Mine Lake Ct. Ste. 200, Raleigh, NC 27615.
7. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of North Carolina.
8. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.
9. Experian furnishes such consumer reports to third parties under contract for monetary compensation.
10. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f), licensed to do business in North Carolina as a Foreign Limited Liability Company.

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, damaging Plaintiff.

### II. JURISDICTION AND VENUE

1. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").
2. Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.
3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Mecklenburg County, North Carolina and Defendants do business in North Carolina.
4. Personal jurisdiction exists over Defendants as Plaintiff resides in North Carolina, Defendants have the necessary minimum contacts with the state of North Carolina, and this suit arises out of specific conduct with Plaintiff in North Carolina.

**III.     Statement of Claim**

### III. FACTUAL ALLEGATIONS

1. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant KLS FINANCIAL SERVICES, and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.
2. Experian is one of three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).
3. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.
4. Experian have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).
5. The debt account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.
6. KLS FINANCIAL SERVICES , acquired the debt after it was allegedly in default.
7. KLS FINANCIAL SERVICES, uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.
8. KLS FINANCIAL SERVICES, regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.
9. On or around May 15, 2024, Plaintiff discovered Defendant KLS FINANCIAL SERVICES, was erroneously reporting a collection account ("Account") on Plaintiff's Experian consumer report.
10. Plaintiff has no knowledge of the Account and believes it to be the product of identity theft.
11. Plaintiff never held an account with KLS FINANCIAL SERVICES, or the original creditor assigned to the Account.
12. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

13. On or abou May 15, 2024 and July 05, 2024, Plaintiff sent a written dispute and online dispute to Experian (the "Disputes"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.
14. Upon information and belief, Experian forwarded Plaintiff's Disputes to Defendant KLS FINANCIAL SERVICES.
15. Upon information and belief, KLS FINANCIAL SERVICES, received notification of Plaintiff's Dispute Letters from Experian.

## COUNT II – EXPERIAN
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.
31. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.
32. After receiving the Experian Dispute, Experianfailed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.
33. Defendants Experian each violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in each Plaintiff's credit files.
34. As a result of this conduct, action and inaction of Defendants Experian, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.
35. Defendants Experian conduct, action, and inaction were willful, rendering each Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.
36. In the alternative, Defendants Experian each were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.
37. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

16. Upon information and belief, KLS FINANCIAL SERVICES, verified the erroneous information associated with the Account to Experian.
17. KLS FINANCIAL SERVICES, did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.
18. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.
19. Upon information and belief, KLS FINANCIAL SERVICES, failed to instruct Experian to remove the false information regarding the Account reporting on Plaintiff's consumer report
20. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letter.
21. At no point after receiving the Dispute Letters did KLS FINANCIAL SERVICES, and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letter.
22. Experian relied on their own judgment and the information provided to them by KLS FINANCIAL SERVICES, and rather than grant credence to the information provided by Plaintiff.

## COUNT I – EXPERIAN FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

23. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.
24. After receiving Plaintiff's Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.
25. Defendant Experian each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.
26. As a result of this conduct, action and inaction of Defendants Experian, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.
27. Defendant Experian conduct, action, and inaction was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.
28. In the alternative, Defendants Experian each were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.
29. Plaintiff is entitled to recover costs and fees from Defendants Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III –
## KLS FINANCIAL SERVICES
### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Dispute Letters, KLS FINANCIAL SERVICES failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

40. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant KLS FINANCIAL SERVICES representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant KLS FINANCIAL SERVICES representations to consumer credit reporting agencies, among other unlawful conduct.

41. As a result of this conduct, action, and inaction of Defendant KLS FINANCIAL SERVICES Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. Defendant KLS FINANCIAL SERVICES conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendant KLS FINANCIAL SERVICES was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Fair Collection pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV –
## KLS FINANCIAL SERVICES
### (Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

45. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

46. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

47. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011).

48. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

49. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged

50. See, e.g., 15 U.S.C. § 1692(a), (e); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 996 (3d Cir.2011); Wilson, 225 F.3d at 354.

51. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting Rosenau, 539 F.3d at 221); see also Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'leastsophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

52. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting Lesher, 650 F.3d at 997).

53. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. See 15 U.S.C. § 1692e; Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

54. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

55. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); see also Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

56. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

57. Fair Collection violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**PRAYER FOR RELIEF WHEREFORE,**

Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Fair Collection for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

E. Removal of Collection Accounts from credit report

F. Adjudging that Fair Collection violated 15 U.S.C. § 1692e;

G. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

H. Awarding Plaintiff actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1); I. Awarding Plaintiff reasonable fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/04/2024

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Lucien Goode Edmonds